THOMAS J. EAGAN, Plaintiff, *against* HUGH H. MOORE, Defendant.

[SPECIAL TERM.]

(Decided October 6th, 1882.)

Under section 724 of the Code of Civil Procedure, the court has power to allow an offer of judgment to be amended *nunc pro tunc ;* and such an amendment, in respect of a matter of form, merely, should be allowed, upon terms, where the offer was supposed by both parties to be in proper form, and it did not appear that plaintiff had been misled or would have acted differently had the offer been in the form required.

MOTION for leave to amend an offer of judgment.

The offer of judgment for a sum of money, served, on behalf of defendant, upon plaintiff's attorney, was subscribed by defendant's attorney, but the latter did not annex thereto his affidavit to the effect that he was duly authorized to make such offer, as required by section 740 of the Code of Civil Procedure. The plaintiff did not accept the offer. Upon trial of the action before a referee, plaintiff recovered an amount less than that for which judgment had been offered. Thereafter defendant made this motion for leave to supply the omission.

VAN BRUNT, J.—This is a motion to allow an amendment of an offer of judgment *nunc pro tunc.*

My first impression upon the argument of this motion was that the court had no power to allow the amendment asked for ; but an examination of section 724 of the Code seems to lead to the conclusion that there is no step in any action or proceeding which, if imperfectly taken, is not the subject of amendment. The last clause of this section provides that where a proceeding taken by a party fails to conform to a provision of the Code of Civil Procedure the court may, in its discretion, and upon such terms as justice

requires, permit an amendment thereof to conform it to the provision. It would be difficult to conceive of language which could make the power of amendment more universal. It is true that in the case of *Riggs* v. *Waydell* (17 Hun 515), the learned justice at the Special Term held that the court had no power to permit such amendment, and that the General Term concurred in this opinion; but the sweeping language of section 724 is not considered or in any way referred to. . The Court of Appeals, in affirming the order of the General Term, in no way intimate any opinion upon the question of power. In view of the broad language of the last sentence of section 724 of the Code, I am of the opinion that the court has the power to allow the amendment.

The next question presented is: should the power be exercised?

In view of the fact that the offer was supposed to be in proper form by both parties, in view of the fact that there is no. pretense that the plaintiff has been in any respect misled by the informality of the offer or that he would have accepted the offer if in proper form, and that the change in the practice was but recent, I think that the amendment should be allowed.

The question of terms is the one of great difficulty, so as to preserve the rights of both plaintiff and defendant. I have come to the conclusion that the defendant should not have against the plaintiff any affirmative judgment for costs, and that the defendant should pay half of the fees of the referee.

Motion granted upon defendant stipulating to pay one half of the referee's fees and not to tax any costs as against the plaintiff.

Order accordingly.